## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **BENJAMIN BIGHAM & STEVE JOHNSON,** *on behalf of themselves and all others similarly situated*, | ) ) ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) | **1:13-cv-03213 –AT** |
| | ) | |
| **ANTHOS AT CHASE RIDGE OF RIVERDALE, LLC,** *et al.* | ) ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### DEFENDANTS' AMENDED ANSWER TO PLAINTIFFS' COMPLAINT

Defendants Anthos at Chase Ridge of Riverdale, LLC, Anthos at Chase Village, LLC, Anthos at Stone Mountain, LLC, Anthos at Lexington Park of Centerville, LLC, Anthos Properties, LLC, and Bobby Kostos [1] (collectively "Defendants") file this Answer to the Complaint for Damages (Doc. 1) filed against them by Plaintiffs Benjamin Bigham ("Bigham") and Steve Johnson ("Johnson") (collectively "Plaintiffs") on behalf of themselves and an alleged group of "similarly situated" persons whom they purport to represent, the existence

_____

[1] Defendant Bobby Kostas's legal name is Haralambos Kostopoulos.

of which is expressly denied.  Defendants hereby respond and assert defenses to Plaintiffs' Complaint as follows:

## NATURE OF COMPLAINT

1.      Defendants admit that Plaintiffs purport to bring this action for relief based on the alleged unlawful employment practices asserted in the Complaint, but Defendants deny that they have acted unlawfully by failing to pay overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and deny that Plaintiffs, or any group they purport to represent, are entitled to any relief whatsoever.  Defendants deny any and all remaining allegations in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.      Defendants admit only that this Court has subject matter jurisdiction to consider the FLSA claims of the named Plaintiffs pursuant to 28 U.S.C. § 1331, but Defendants deny that Plaintiffs or any group they purport to represent are entitled to any relief whatsoever.   Defendants deny any and all remaining allegations in paragraph 2 of the Complaint.

3.      Defendants admit only that venue is appropriate in this Court, and that Plaintiffs' allegations (which Defendants expressly deny) pertain to multiple different work locations.  Defendants deny that they engaged in any unlawful

employment practices.   Defendants deny any and all remaining allegations in paragraph 3 of the Complaint.

## **PARTIES**

4.     Upon information and belief, Defendants admit the allegations in paragraph 4 of the Complaint.

5.     Upon information and belief, Defendants admit the allegations in paragraph 5 of the Complaint.

6.     Defendants admit that Anthos Properties, LLC is the parent company Anthos at Chase Ridge of Riverdale, LLC; Anthos at Chase Village, LLC; Anthos of Stone Mountain, LLC; and Anthos at Lexington Park of Centerville, LLC. Defendants further admit that Bobby Kostos is the sole member of Anthos of Stone Mountain, LLC, but denies that Bobby Kostos is the sole owner or member of the other Anthos entities.   Defendants deny any and all remaining allegations in paragraph 6 of the Complaint.

7.     Defendants admit that Anthos at Chase Ridge of Riverdale, LLC ("Anthos Riverdale") is a Georgia corporation.   Defendants deny that Dana Mitchell is the registered agent for Anthos Riverdale, but admit that Anthos Riverdale may be served through its registered agent at 100 Chase Ridge Drive,

3

Riverdale, Georgia 30296.  Defendants deny any and all remaining allegations in paragraph 7 of the Complaint.

8.     Defendants admit that Anthos at Chase Village, LLC ("Anthos Village") is a Georgia corporation. Defendants further admit that Anthos Village may be served with process through its registered agent Spencer Gandy at 400 Northridge Road, Suite 590, Atlanta, Georgia 30350.  Defendants deny any and all remaining allegations in paragraph 8 of the Complaint.

9.     Defendants admit that Anthos of Stone Mountain, LLC ("Anthos Stone Mountain") is a Georgia corporation.  Defendants admit that Anthos of Stone Mountain may be served with process through its registered agent Spencer Gandy at 400 Northridge Road, Suite 590, Atlanta, Georgia 30350.  Defendants deny any and all remaining allegations in paragraph 9 of the Complaint.

10.    Defendants admit that Anthos at Lexington Park of Centerville, LLC ("Anthos Centerville") is a Delaware corporation with a principal office at 800 Gunn Road, Centerville, Georgia 31208.  Defendants further admit that Anthos Centerville may be served with process through its registered agent J. Wayne Crowley at 561 D.T. Walton, Sr. Way, Macon, Georgia 31202-0232.  Defendants deny any and all remaining allegations in paragraph 10 of the Complaint.

11.    Defendants admit that Anthos Properties, LLC is a New York company with a principal office located at 25 Smith Street, Suite 302, Nanuet, New York 10954. Defendants further admit that Anthos Properties conducts business in the state of Georgia, though Anthos Properties expressly denies committing any unlawful employment practices.  Defendants further admit that Anthos Properties, LLC may be served with process through its agent Bobby Kostos at 25 Smith Street, Suite 302, Nanuet, New York 10954.  Defendants deny any and all remaining allegations in paragraph 11 of the Complaint.

12.    Defendants deny that Bobby Kostos owns Anthos Properties, Anthos Riverdale, Anthos Village, or Anthos Centerville.  Each entity is organized as a limited liability corporation, managed by more than one member. Bobby Kostos is the sole member of Anthos Stone Mountain. Defendants deny any and all remaining allegations in paragraph 12 of the Complaint.

13.    Defendants admit that Defendant Kostas may be served with process by, *inter alia*, delivering a copy of the complaint and summons to him personally at his home address, or at the principal office of Defendant Anthos Properties. Defendants deny any and all remaining allegations in paragraph 13 of the Complaint.

5

14.    The allegations set forth in paragraph 14 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 14 of the Complaint.

15.    Defendants admit that Defendants Anthos Village, Anthos Riverdale, and Anthos Centerville have had an annual gross volume of more than $500,000.00 (five hundred thousand and 00/100 dollars).  Defendants deny any and all remaining allegations in paragraph 15 of the Complaint.

16.    The allegations set forth in paragraph 16 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that Anthos Properties, Anthos Riverdale, Anthos Village, Anthos Stone Mountain, and Anthos Centerville acted as "employers" in relation to some individuals who worked at Anthos Properties, Anthos Riverdale, Anthos Village, Anthos Stone Mountain, and Anthos Centerville under the FLSA as that term is defined by 29 U.S.C. § 203 (d).  Defendants deny any and all remaining allegations in paragraph 16 of the Complaint.

17.    Defendants deny that Bobby Kostos acted directly or indirectly in the capacity of an "employer" in relation to all named Plaintiffs and to all others alleged to be similarly situated to named Plaintiffs, the existence of whom is expressly denied.

18.     Defendants deny that at all relevant times named Plaintiffs and all others alleged to be similarly situated, the existence of whom is expressly denied, were employed by Anthos Properties, Anthos Riverdale, Anthos Village, Anthos Stone Mountain, and Anthos Centerville to engage in commerce and/or the production of goods for commerce.  Defendants deny any and all remaining allegations in paragraph 18 of the Complaint.

19.     Defendants deny that at all relevant times, named Plaintiffs were "employees" of Anthos Properties, Anthos Riverdale, Anthos Village, Anthos Stone Mountain, and Anthos Centerville as that term is defined by 29 U.S.C. § 203 (e). Defendants deny any and all remaining allegations in paragraph 19 of the Complaint.

20.     Defendants admit that Plaintiff Bigham and Plaintiff Johnson worked for Defendant Anthos Village within the last three years. Defendants are without sufficient information to either admit or deny that all others allegedly similarly situated, the existence of whom is expressly denied, worked for Defendants within the last three years.  Defendants deny any and all remaining allegations in paragraph 20 of the Complaint.

21.     Defendants admit that named Plaintiffs are individuals who either contracted with or have been employed by Anthos Anthos Village and received

hourly wages for performing maintenance services within the three years prior to the filing of this Complaint. Defendants are without sufficient information to either admit or deny that unspecified others allegedly similarly situated, the existence of whom is expressly denied, worked for Defendants within the last three years and were paid hourly wages for performing maintenance services.  Defendants deny any and all remaining allegations in paragraph 21 of the Complaint.

22.    Defendants admit that Plaintiff Bigham consented in writing to be a party to this action.

23.    Defendants admit that Plaintiff Johnson consented in writing to be a party to this action.

24.    Defendants are without sufficient information to either admit or deny that there is likelihood that other alleged maintenance technicians will seek to join this action, and therefore deny same.

## JOINT EMPLOYER FACTUAL ALLEGATIONS

25.    Defendants admit that Defendant Bobby Kostos is the sole member of Anthos Stone Mountain. Bobby Kostos is a partner in Anthos Properties, Anthos Riverdale, Anthos Village, and Anthos Centerville.  Defendants further admit that these various entities are engaged in the business of owning, renting, developing,

and managing multi-family residences.  Defendants deny any and all remaining allegations in paragraph 25 of the Complaint.

26.    Defendants admit that Anthos Properties, Anthos Riverdale, Anthos Village, and Anthos Stone Mountain share the same principal office located at 25 Smith Street, Suite 302, Nanuet, New York, 10954.  Defendants deny any and all remaining allegations in paragraph 26 of the Complaint.

27.    Defendants admit that units at Anthos Riverdale, Anthos Village, Anthos Stone Mountain, and Anthos Centerville are advertised for rent on the Anthos Properties website.  Defendants deny any and all remaining allegations in paragraph 27 of the Complaint.

28.    Defendants admit that tenants at Anthos Riverdale, Anthos Village, Anthos Stone Mountain, and Anthos Centerville can make rent payments through the Anthos Properties website.  Defendants deny any and all remaining allegations in paragraph 28 of the Complaint.

29.    Defendants deny the allegations in paragraph 29 of the Complaint.

30.    Defendants admit that Anthos Properties, directly and indirectly, through managers and members, determines the payroll policies and practices of Anthos Properties, Anthos Riverdale, Anthos Village, Anthos Stone Mountain, and Anthos Centerville.  Defendants further admit that Bobby Kostos, in his personal

capacity, is consulted in the payroll practices of Anthos Properties.  Defendants deny any and all remaining allegations in paragraph 30 of the Complaint.

31.   Defendants admit that Anthos Properties, directly and indirectly, through managers and members, determined the payroll policies and practices that governed the compensation of named Plaintiffs.  Defendants further admit that Bobby Kostos, in his personal capacity, was consulted in the payroll practices governing the compensation of Plaintiffs Bigham and Johnson.  Defendants deny any and all remaining allegations in paragraph 31 of the Complaint.

32.   Defendants deny violating the FLSA through either a policy or a practice of paying Maintenance Technicians straight time for any and all hours worked over forty (40) in a workweek.  Defendants deny any and all remaining allegations in paragraph 32 of the Complaint.

33.   Defendants deny the allegations in paragraph 33 of the Complaint.

34.   Defendants deny the allegations in paragraph 34 of the Complaint.

35.   Defendants admit that Anthos Properties, directly and/or indirectly, determined the policies and practices governing Maintenance Technicians. Defendants further admit that Bobby Kostos, was consulted by Anthos Properties in the practices governing Maintenance Technicians. Defendants deny any and all remaining allegations in paragraph 35 of the Complaint.

10

36.   Defendants admit that Anthos Properties directed the outcome of the services provided by Maintenance Technicians. Anthos Properties denies that it directed the manner in which the services were delivered.  Defendants deny any and all remaining allegations in paragraph 36 of the Complaint.

37.   Defendants admit that Bobby Kostos, as a member/manager/partner of the residential entities, is occasionally present at the residential properties Anthos Riverdale, Anthos Village, Anthos Stone Mountain, and Anthos Centerville. Defendants deny any and all remaining allegations in paragraph 37 of the Complaint.

## FLSA COLLECTIVE ACTION FACTUAL ALLEGATIONS

38.   Defendants admit that Plaintiffs purport to bring this action as a collective action and that Plaintiffs seek to represent allegedly "similarly situated individuals [who] are currently or have been employed by any Defendants on or after the date that is three years before the filing of this Complaint ("the Collective Class")."  Defendants deny the existence of any such similarly situated group of individuals and Defendants deny that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendants further deny that they violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group of individuals they

purport to represent.  Defendants further deny that a three year limitations period is appropriate in this case.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39.    Defendants deny the allegations in paragraph 39 of the Complaint.

40.    Defendants admit that Plaintiff Bigham and Plaintiff Johnson have been employed by Defendant Anthos Village as Maintenance Technicians during the relevant time period.  Defendants deny the existence of any such similarly situated group of individuals and Defendants deny that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41.    Defendants admit that the duties of a Maintenance Technician involve some manual tasks, but state that the job duties performed by Maintenance Technicians vary widely.  Defendants deny any and all remaining allegations in paragraph 41 of the Complaint.

42.    Defendants admit that Maintenance Technicians are normally expected to work a forty (40) hour workweek.  Defendants further admit that Maintenance Technicians are sometimes required to be available to handle service

calls 24 hours a day.  Defendants deny any and all remaining allegations in paragraph 42 of the Complaint.

43.    Defendants are without sufficient information to either admit or deny that Plaintiffs Bigham and Johnson were rarely completely relieved from work during their lunch breaks, and therefore deny same.

44.    Defendants deny the allegations in paragraph 44 of the Complaint.

45.    Defendants deny the allegations in paragraph 45 of the Complaint.

46.    Defendants deny the allegations in paragraph 46 of the Complaint.

47.    Defendants deny the allegations in paragraph 47 of the Complaint.

48.    Defendants deny the allegations in paragraph 48 of the Complaint.

49.    Defendants admit that Plaintiff Johnson worked at multiple properties owned by Defendants, but expressly deny any practice of not paying overtime. Defendants further deny that they violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group of individuals they purport to represent.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50.    Defendants deny the allegations in paragraph 50 of the Complaint.

51.    Defendants deny the allegations in paragraph 51 of the Complaint.

52.    Defendants deny the allegations in paragraph 52 of the Complaint.

53.     Defendants deny the allegations in paragraph 53 of the Complaint.

54.     Defendants deny the allegations in paragraph 54 of the Complaint.

55.     Defendants deny the allegations in paragraph 55 of the Complaint.

## COUNT ONE: ALLEGED FAILURE TO PAY OVERTIME COMPENSATION PURSUANT TO FLSA

56.     In response to paragraph 56, Defendants incorporates their responses to paragraphs 1 through 55 and all defenses as if fully set forth herein.

57.     Defendants deny the allegations in paragraph 57 of the Complaint.

58.     Defendants deny the allegations in paragraph 58 of the Complaint.

59.     Defendants deny the allegations in paragraph 59 of the Complaint.

60.     Defendants deny the allegations in paragraph 60 of the Complaint.

61.     Defendants deny the allegations in paragraph 61 of the Complaint.

62.     Defendants deny the allegations in paragraph 62 of the Complaint.

63.     Defendants deny the allegations in paragraph 63 of the Complaint.

64.     Defendants are without sufficient information to admit or deny whether Plaintiff Bigham was solely dependent on his wages from Defendants, and therefore denies same.  Defendants deny all remaining allegations in paragraph 64 of the Complaint.

65.     Defendants deny the allegations in paragraph 65 of the Complaint.

66.    Defendants state that the allegations in paragraph 66 state a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit only that they are required to keep and maintain accurate records as required by 29 U.S.C. § 211 (c).   Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 66 of the Complaint.

67.    Defendants deny the allegations in paragraph 67 of the Complaint.

68.    Defendants deny the allegations in paragraph 68 of the Complaint.

69.    Defendants deny the allegations in paragraph 69 of the Complaint. Defendants specifically deny the existence of any similarly situated group of individuals purportedly represented by Plaintiffs.  Defendants further deny that they violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group of individuals they purport to represent.

70.    Defendants deny the allegations in paragraph 70 of the Complaint. Defendants specifically deny the existence of any similarly situated group of individuals purportedly represented by Plaintiffs.

71.    Defendants deny the allegations in paragraph 71 of the Complaint. Defendants specifically deny the existence of any similarly situated group of individuals purportedly represented by Plaintiffs.  Defendants further deny that

they violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group of individuals they purport to represent.

72.    Defendants deny the allegations in paragraph 72 of the Complaint. Defendants deny the existence of any such similarly situated group of individuals and Defendants deny that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever. Defendants further deny that they violated the FLSA or any other law with respect to Plaintiffs or any member of the alleged group of individuals they purport to represent.

73.    Defendants deny the allegations in paragraph 73 of the Complaint. Defendants deny the existence of any such similarly situated group of individuals and Defendants deny that Plaintiffs or any group that they purport to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.

74.    Defendants deny the allegations in paragraph 74 of the Complaint. Defendants expressly deny that Plaintiffs are entitled or qualified to pursue this action as an opt-in collective action and deny that Plaintiffs can satisfy the requirements for a collective action.

**Response to Plaintiffs' Prayer for Relief**

75.    Defendants deny any and all allegations contained in Plaintiffs' Prayer for Relief (including sub-paragraphs (A) through (E) thereof), including that Plaintiffs are entitled to any damages or relief whatsoever.

76.    Defendants deny each and every allegation in Plaintiffs' Complaint not expressly admitted herein.

## ADDITIONAL DEFENSES

Having answered the numbered paragraphs of Plaintiffs' Complaint, Defendants respectfully asserted the following additional defenses:

### First Defense

Some or all of the claims in the Complaint fail to state a claim upon which relief may be granted.

### Second Defense

Some or all of the claims asserted in the Complaint are barred by the applicable statute of limitations.

### Third Defense

Defendants are not the employer, as that term is defined by the FLSA, of Plaintiffs or any alleged group of individuals they purport to represent, the existence of which is expressly denied.

17

**Fourth Defense**

The certification and trial of this case as a collective action would violate Defendants' rights under the Fifth and Seventh Amendments to the United States Constitution.

**Fifth Defense**

Notice to the alleged group that Plaintiffs purport to represent would be a violation of Defendants' due process rights.

**Sixth Defense**

Plaintiffs cannot satisfy the requirements of a collective action, and some or all of the claims asserted in Plaintiffs' Complaint are barred because Plaintiffs are not similarly situated to the group of individuals they purport to represent.

**Seventh Defense**

The claims alleged by Plaintiffs are neither common to nor typical of those, if any, of the alleged group of persons whom they purport to represent.

**Eighth Defense**

Plaintiffs are an inadequate representative of the alleged group of persons whom they purport to represent.

**Ninth Defense**

The type of claims alleged by Plaintiffs on behalf of themselves and the group of persons that Plaintiffs purport to represent are matters in which individual questions predominate and, accordingly, are not appropriate for collective treatment.

**Tenth Defense**

Plaintiffs and/or members of the alleged group of persons that Plaintiffs purport to represent have failed to comply with their legal duty to mitigate their claimed damages, their entitlement thereto being expressly denied.

**Eleventh Defense**

With respect to some or all claims brought or allegedly brought by Plaintiffs and/or members of the alleged group of persons that they purport to represent, Defendants plead that any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the FLSA were not willful, but occurred in good faith and were based upon reasonable factors.

**Twelfth Defense**

The damages claimed by Plaintiffs and/or members of the alleged group that they purport to represent are barred to the extent they are speculative an individualized in nature.

**Thirteenth Defense**

The interests of Plaintiffs and members of the group of individuals they seek to represent are in actual or potential conflict.

**Fourteenth Defense**

The Complaint fails to state a claim for which compensatory, consequential, and/or liquidated damages may be granted.

**Fifteenth Defense**

Neither Plaintiffs nor members of the alleged group that they purport to represent may recover liquidated damages, because neither Defendants nor any of their officers, directors, managers, or agents committed any oppressive, willful, wanton, fraudulent, or malicious act or authorized or ratified any such act with respect to Plaintiffs and/or any alleged group member, and because Plaintiffs have failed to plead facts sufficient to support recovery of such damages.

**Sixteenth Defense**

Venue may not be proper for the alleged group of persons Plaintiffs purport to represent, the existence of which is expressly denied.

**Seventeenth Defense**

The Complaint is barred, in whole or in part, because it requests relief which exceeds that available under applicable law.

**Eighteenth Defense**

Plaintiffs lack standing to pursue some of the claims asserted and some of the relief sought in the Complaint.

**Nineteenth Defense**

Some or all of the claims asserted in the Complaint are barred because all acts or omissions were in good faith conformity with and reliance on the written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the United States Department of Labor.

**Twentieth Defense**

The Complaint is barred, in whole or in part, because all actions and/or omissions complained of were in good faith and based on reasonable grounds for believing such actions and/or omissions were not violations of the FLSA and/or other applicable law.

**Twenty-First Defense**

Some or all of the claims asserted and/or relief sought in the Complaint are barred by the equitable doctrines of laches, estoppel, ratification, and/or unclean hands.

### Twenty-Second Defense

Some or all of the claims asserted in the Complaint are barred because a collective action would be unmanageable and is not superior to other available methods for the fair and efficient adjudication of this controversy.

### Twenty-Third Defense

Some or all of the disputed time is not compensable pursuant to the *de minimus* doctrine.

### Twenty-Fourth Defense

Plaintiffs and/or the members of the alleged group that they purport to represent are not entitled to some or all of the relief requested in the Complaint because, even if any unlawful act or omission occurred, which Defendants expressly deny, Defendants cannot be held vicariously liable for alleged misconduct that is contrary to Defendants' express policies, procedures, and good faith efforts to comply with applicable laws and/or regulations.

### Twenty-Fifth Defense

Some or all of the purported claims in the Complaint are barred because Plaintiffs and some or all of the members of the groups that they purports to represent, the existence of which are expressly denied, at all times relevant to this action were exempt from the minimum wage and overtime provisions of the Fair

Labor Standards Act.

## Twenty-Sixth Defense

The acts and/or omissions of Plaintiffs and the members of the group that they purport to represent, the existence of which is expressly denied, caused in whole or in part the damages that they claim.

## Twenty-Seventh Defense

The alleged time worked by Plaintiffs before and after their scheduled shifts was not primarily for the benefit of Defendants and their business(es) and was not an integral part of the principal activities of Defendants.

## Twenty-Eighth Defense

All or part of the time for which Plaintiffs seek compensation for alleged unpaid hours worked does not constitute compensable time for purposes of the FLSA.

## Twenty-Ninth Defense

All or part of the time for which Plaintiffs seek compensation is non-compensable under the Portal-to-Portal Act, 29 U.S.C. § 254.

## Thirtieth Defense

Plaintiffs lacks standing to raise some or all of the claims of the alleged

group of persons which they purport to represent, the existence of which is expressly denied.

### Thirty-First Defense

Defendants reserve the right to amend these defenses or add additional defenses as may become warranted by the facts of this case of which they become knowledgeable during the course of discovery.

### **Defendants' Prayer for Relief**

Having fully answered and responded to the allegations in the Complaint, Defendants deny that Plaintiffs are entitled to the relief requested and respectfully request that:

1. Plaintiffs' claims be dismissed with prejudice in their entirety;

2. Each and every prayer for relief contained in the Complaint be denied;

3. Judgment be entered in favor of Defendants;

4. All costs, including reasonable attorneys' fees, be awarded to Defendants and against Plaintiffs pursuant to applicable laws; and

5. Defendants have such other and further relief as this Court may deem just and proper.

Respectfully submitted this 6th day of February, 2014.

            *s/ Daniel E. Turner*
            Daniel Turner
            Georgia Bar No.719330
            daniel.turner@ogletreedeakins.com
            Beth A. Moeller
            Georgia Bar No. 100158
            beth.moeller@ogletreedeakins.com

            Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
            One Ninety One Peachtree Tower
            191 Peachtree St. NE, Suite 4800
            Atlanta, GA  30303
            Telephone:  404.881.1300
            Fax:  404.870.1732

            Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **BENJAMIN BIGHAM & STEVE JOHNSON,** *on behalf of themselves and all others similarly situated*, | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **CIVIL ACTION FILE NO.** **1:13-cv-03213 –AT** |
| **ANTHOS AT CHASE RIDGE OF RIVERDALE, LLC,** *et al.* | ) ) ) ) | |
| **Defendants.** | ) ) | |
| _____ | ) | |

**CERTIFICATE OF SERVICE**

I certify that on February 6, 2014, I electronically filed the foregoing **DEFENDANTS' AMENDED ANSWER TO PLAINTIFFS' COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

Louise N. Smith
William J. Smith
SMITH LAW, LLC
P.O. Box 1396
Atlanta, GA  30019

*s/ Daniel E. Turner*
Daniel E. Turner
Counsel for Defendants

16995766.1